887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George MELO, Defendant-Appellant.
 No. 89-5554.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 15, 1989.
Decided: Oct. 5, 1989.
 
 Ronald W. Stern, on brief, for appellant.
 Henry E. Hudson, United States Attorney, John T. Martin, Janet S. Reincke, Assistant United States Attorneys, on brief, for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 George Melo appeals his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) on the grounds that Drug Enforcement Administration (DEA) agents unconstitutionally seized cocaine from his person. The district court denied Melo's motion to suppress the cocaine, finding that the DEA agents had probable cause to arrest Melo and the search was incident to a lawful arrest. United States v. Melo, 701 F.Supp. 1254 (E.D.Va.1988) (Ellis, J.). Melo then entered a conditional plea of guilty to count one charging a violation of Sec. 841(a)(1), and the government dismissed count two which charged interstate travel in aid of racketeering in violation of 18 U.S.C. Sec. 1932(a)(3). Melo reserved the right granted by Federal Rule of Criminal Procedure 11(a)(2) to appeal the order denying his motion to suppress. We affirm Melo's conviction.
 
 
 2
 * The district court opinion carefully details the facts. We need only summarize them here. On October 17, 1988, DEA Agents Johnston and Grimes observed Melo arrive at Washington National Airport on a shuttle flight from New York City. Melo appeared nervous and, after making eye contact with Johnston, walked faster toward the elevator leading to the terminal exit. Johnston observed a large bulge in the front of Melo's pants, between the waist and crotch, which protruded approximately two to three inches. As the agents followed Melo to the front exit, Melo continually glanced nervously back at the agents. When Melo stopped at a pay telephone, the agents asked Melo if he would talk to them. Melo agreed. With a nervous voice, Melo answered the agents' questions about the source of his flight and his reasons for coming to Washington. Melo showed the agents his airline ticket and driver's license in response to their request. Melo refused to give Johnston permission to search his person. Johnston told Melo that he must accompany the agents to the airport police station. Johnston searched Melo at the police station. The search revealed 498.23 grams of cocaine in a package found in Melo's pants where the agents had noticed the bulge.
 
 II
 
 3
 Fourth amendment protection against unreasonable searches and seizures is triggered when a person is seized by law enforcement officers. A seizure occurs when, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). Melo was seized, and in effect arrested, for purposes of the fourth amendment when the agents asked him to walk to the police station. The evidence supports the district court's finding that a reasonable person in Melo's situation would not feel free to leave when he was requested to go to the police station. Prior to this request, the district court found that the encounter between Melo and the agents was voluntary and Melo was free to refuse to answer questions. Such a voluntary encounter invokes no fourth amendment protection. Florida v. Royer, 460 U.S. 491, 497-98 (1983).
 
 
 4
 To meet the reasonableness requirement of the fourth amendment, a seizure that is tantamount to an arrest must be supported by probable cause, defined as "a fair probability that contraband or evidence of a crime will be found." United States v. Sokolow, 109 S.Ct. 1581, 1585 (1989) (quoting United States v. Gates, 462 U.S. 213, 238 (1983)). The agents observed a large bulge in the front of Melo's pants, which the agents recognized as a common way for couriers to carry drugs. The bulge was particularly visible because Melo was slender and wore no jacket. Melo flew from New York, a known source city for drug couriers. He showed signs of nervousness. These factors in combination were sufficient to give the agents probable cause to seize Melo. See United States v. Lehmann, 798 F.2d 692 (4th Cir.1986). Accordingly, the arrest was valid, and the subsequent search of Melo's person was lawful because it was incident to an arrest. The district court properly denied Melo's motion to suppress the evidence, and the judgment convicting Melo on his conditional plea of guilty is affirmed.